MEMORANDUM *
Garcia appeals the district court’s denial of his petition for a writ of habeas corpus, challenging the sufficiency of the evidence to support his conviction for attempted murder. He argues that the state presented insufficient evidence showing he *100 acted with the specific intent to kill another human being.
The district court correctly rejected Garcia’s claim. Under California law, it was enough for the jury to find that Garcia intended to kill someone, even if he did not have a specific target in mind. See People v. Stone, 46 Cal.4th 131, 92 Cal.Rptr.3d 362, 205 P.3d 272, 278 (Cal.2009); see also People v. Griggs, 216 Cal.App.3d 734, 265 Cal.Rptr. 53, 57 (Ct.App.1989). Here, the state presented evidence that Garcia fired seven hollow-point bullets from a .22 caliber rifle into the interior courtyard of an occupied apartment complex. The front doors of the units faced the interior courtyard into which Garcia fired; one round hit an apartment door and others struck a stairwell railing and a planter within the courtyard. Additionally, the state presented evidence indicating that Garcia knew the apartment units were occupied, as he was present during an earlier shooting at the same apartment complex an hour before, at which time residents were milling about in and near the courtyard.
Applying the doubly deferential standard we use to review a sufficiency-of-the-evidence claim raised in a habeas petition, we cannot say that the California Supreme Court’s rejection of Garcia’s claim was objectively unreasonable. See Cavazos v. Smith, — U.S. —, 132 S.Ct. 2, 3-4, 181 L.Ed.2d 311 (2011) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.